Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington

July 22, 2020

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARBANS SINGH,<br>Defendant. | NO. **CR20-085 RAJ**<br><br>INDICTMENT |

The Grand Jury charges that:

### COUNT 1

**(False Statement on Immigration Document – Visa Application)**

On or about November 24, 2014, in the City of London, in the United Kingdom, and elsewhere, the defendant, HARBANS SINGH, did knowingly subscribe, and aid and abet the subscription of, as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application, to wit, a visa application, that is, that the defendant had never been arrested or convicted for any offense or crime, which statement the defendant then and there knew was false, in that the defendant had been arrested twice in the United Kingdom for sexual assault prior to November 24, 2014.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

Indictment
*United States v. Singh* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 2

**(Use of Immigration Document Procured by Fraud – Asylum Application)**

On or about July 20, 2015, in the City of Kent, Washington, in the Western District of Washington, and elsewhere, the defendant, HARBANS SINGH, did knowingly use, and aid and abet the use of, a non-immigrant visa, in the name Harbans Singh, which the defendant knew to have been procured by means of a false claim and statement, in that the defendant submitted the visa to immigration authorities as part of an application for asylum.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 3

**(False Statement – Asylum Application)**

From on or about July 20, 2015, to on or about September 21, 2017, in the City of Seattle, Washington, in the Western District of Washington, and elsewhere, the defendant, HARBANS SINGH, did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact in a matter within the jurisdiction of the executive branch of the Government of the United States, by describing his prior arrests in his asylum application without including his prior two arrests in the United Kingdom for sexual assault.

All in violation of Title 18, United States Code, Sections 1001.

## COUNT 4

**(False Statement – Asylum Interview)**

On or about September 21, 2017, in the City of Seattle, Washington, in the Western District of Washington, and elsewhere, the defendant, HARBANS SINGH, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating to a U.S. Citizenship and Immigration Services Asylum Officer that he had never been arrested or convicted for any offense or crime. The statement and representation was false because, as the defendant then and

Indictment
*United States v. Singh* - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

there knew, the defendant had been arrested twice in the United Kingdom for sexual assault prior to November 24, 2014.

All in violation of Title 18, United States Code, Section 1001.

## ASSET FORFEITURE ALLEGATIONS

All of the allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

Pursuant to Title 18, United States Code, Section 982(a)(6)(a), upon conviction of any of the offenses alleged in Counts One through Two of this Indictment, the defendant, HARBANS SINGH, shall forfeit to the United States any property, real or personal, that constitutes, or is derived from or is traceable to, proceeds obtained directly or indirectly from the commission of the offense, as well as any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

　　a.　cannot be located upon the exercise of due diligence;

　　b.　has been transferred or sold to, or deposited with, a third party;

　　c.　has been placed beyond the jurisdiction of the Court;

　　d.　has been substantially diminished in value; or

　　e.　has been commingled with other property which cannot be divided without difficulty;

//
//
//

Indictment
United States v. Singh - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property.

A TRUE BILL:

DATED: 7/22/2020

*Signature of the Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*

FOREPERSON

BRIAN T. MORAN
United States Attorney

S. KATE VAUGHAN
Assistant United States Attorney

WILLIAM DREHER
Assistant United States Attorney

Indictment
*United States v. Singh* - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970