THE HONORABLE RICHARD A. JONES
THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR20-085-RAJ |
| Plaintiff, | RESPONSE TO GOVERNMENT'S MOTION TO DETAIN MR. SINGH |
| v. | **Hearing Date: 7/29/2020 at 1 p.m.** |
| HARBANS SINGH, | |
| Defendant. | |

Mr. Singh, through counsel, files the following response to the government's motion to detain him.  Dkt. 8

**I.     Facts**

Mr. Singh has been living here in the United States for the last five years without any contact with law enforcement.  He has community ties by way of personal, professional, and financial.  He is employed is responsible for providing support to his wife and his two children.  The government has indicted him with four process based offenses alleging that he lied on various immigration documents about an arrest that occurred in the United Kingdom six years ago.   It is further alleged that he was tried and convicted in the United Kingdom, in absentia.  He received a sentence of twelve months.  If he is convicted of the charged offenses in the indictment, his presumptive guideline range would be 10-16 months.  The federal detention center is currently under a lockdown.  There has been two reported cases of Covid-19 at the facility (one inmate

and one corrections officer). Currently, inmates are on lockdown for 20 hours. They are receiving boxed meals. They do not have access to mental health services. Mr. Singh will not be able to have visits from his family or face-to-face visits with his attorney. Mr. Singh's passport was seized by agents when he was arrested.

## II. This Case Is Not Eligible for a Detention Hearing Because the Government Cannot Show that Ms. Thompson Is a "Serious Risk of Flight" by a Clear Preponderance of the Evidence.

The Bail Reform Act provides for detention hearings only in certain categories of cases. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739,747 (1987). The Act operates in this manner to protect a variety of constitutional rights of pretrial detainees. *Id., Stack v. Boyle*, 342 U.S. 1, 4 (1951); *see also Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). When the government cannot establish that a case falls within one of the categories listed in 18 U.S.C. § 3142(f), a court is not authorized to hold a detention hearing and release is mandatory. *Salerno,* 481 U.S. at 747. Here, the government sought to detain Mr. Singh on the grounds that she posed a "serious risk of flight" pursuant to 18 U.S.C. § 3142(f)(2)(A). To warrant a detention hearing, the government must establish a serious risk of flight "by a *clear* preponderance of the evidence," as opposed to the more ordinary preponderance standard. *Motamedi*, 767 F.2d at 1406 (emphasis added). *See also United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)(government has the burden of proving "serious risk of flight" by a clear preponderance of evidence); *See e.g., United States v. Chen*, 820 F.Supp. 1205, 1209 (N.D.Cal.1992) ("the court is to rule against detention in close cases, applying a 'clear preponderance' test" citing *Motamedi*); *United States v. Diluzio*, 1991 WL 40884, *2 (E.D.Wash.) ("[i]n the Ninth Circuit, the government must establish the risk of flight by a 'clear preponderance of the evidence' " citing *Motamedi*).

RESPONSE TO GOVERNMENT'S
MOTION TO DETAIN MR. SINGH
(HARBANS SINGH, CR20-085-RAJ) - 2

1    This enhanced preponderance standard requires the government to demonstrate extreme and unusual circumstances in order to justify detaining a defendant as a risk of flight. The term "extreme and unusual circumstances" comes from case law cited to by Congress when they adopted § 3142(f)(2). *Compare* Bail Reform Act of 1983: Report of the Committee on the Judiciary, S Rep No 98-147, 98th Cong, 1st Sess. 48 (1983) *with United States v. Abrahams*, 575 F.2d 3 (1st Cir. 1978); *Gavino v. McMahon*, 499 F.2d 1191, 1995 (2d Cir. 1974); *United States v. Kirk*, 534 F.2d 1262, 1281 (8th Cir. 1976). The term reflects Congress's intent to ensure that only a certain class of persons be detained as a serious risk of flight, such as individuals with access to large amounts of money and with no ties to the community. *Compare United States v. Jessup*, 757 F.2d 378, 395–98 (1st Cir. 1985) abrogated on other grounds in *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990) *with United States v. Townsend*, 897 F.2d 989, 993–94 (9th Cir. 1990). Still, courts must err on the side of release even if the individual has significant assets provided they have some ties to the community where they are charged. *See United States v. Motamedi*, 767 F.2d at 1407–08.

Mr. Singh has been living openly using his real name in the United States since he was granted a visa. He has had no police contacts but allegedly was convicted in absentia in the United Kingdom. The indictment does not charge him with serious offenses but rather process based offenses. He does not face a significant sentence, i.e. 10 to 16 months. He has a job and has ties to the community. The government has not established by a clear preponderance of the evidence that Mr. Singh presents a serious risk of flight or that extreme and unusual circumstances exist to detain him. In fact, extreme and unusual circumstances, i.e., the conditions of confinement at the federal detention center require that he be released from custody because under those condition, Mr. Singh will be exposed to pretrial punishment in violation of the Due Process clause.

RESPONSE TO GOVERNMENT'S
MOTION TO DETAIN MR. SINGH
(HARBANS SINGH, CR20-085-RAJ) - 3

A pretrial detainee's freedom from pretrial confinement is a fundamental right protected by the Due Process Clause. Any government action infringing on this right must be narrowly tailored to achieve a compelling government interest. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The constitutional protections for pretrial detainees flow from the Fifth Amendment Due Process Clause, which provides protection even greater than those afforded by the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Eighth Amendment, which applies to persons convicted of criminal offenses, allows punishment if it is not cruel and unusual, but the Fifth Amendment's due process protections do not allow pretrial punishment at all. *Id.*

Although the government has an interest in detaining a defendant to secure his or her appearance at trial, the government may only subject a detainee "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536–37.

In *Kingsley v. Hendrickson*, the Supreme Court affirmed the Due Process Clause's prohibition on pretrial punishment, and elaborated that "if the condition of confinement being challenged 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment.'" 135 S. Ct. 2466, 2470 (2015); *see also Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8188563, at *5 (D. Ariz. Nov. 18, 2016), aff'd sub nom. *Doe v. Kelly*, 878 F.3d 710 (9th Cir. 2017) ("[A] particular restriction or condition is punishment if the restriction or condition is not reasonably related to a legitimate governmental objective or is excessive in relation to the legitimate governmental objective.").

Here, the current conditions of confinement at the Federal Detention Center at Sea-Tac amount to pretrial punishment. Mr. Singh is on lockdown for twenty hours a

day. He does not have face-to-face access to his attorney. He cannot have family visits. He is exposed to a potentially lethal virus with limited opportunities to practice necessary hygiene or distance himself from other inmates. These conditions are incompatible with the concept of human dignity and have no place in civilized society, especially when Mr. Singh is charged with a process based offense, can be released to his home, and continue to work to provide support to his wife and two kids.

### III. Conclusion

Mr. Singh respectfully requests that the Court release him on bond because the government has not established that he is a flight risk under the applicable standard and because detaining him under the circumstances will amount to pretrial punishment in violation of the Due Process clause.

Dated this 29th day of July, 2020.

Respectfully submitted,

s/ *Mohammad Ali Hamoudi*
Assistant Federal Public Defender
Attorney for Harbans Singh