HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARBANS SINGH,<br><br>Defendant. | ) | No. CR20-085RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO SEVER COUNTS 1 AND 2 FROM COUNT 4 OF THE SUPERSEDING INDICTMENT |

THIS MATTER comes before the Court upon Defendant Harbans Singh's Motion to Sever Counts 1 and 2 from Count 4 of the Superseding Indictment. Dkt. 63. Having considered the motion, the government's response (Dkt. 64), defendant's reply (Dkt. 65), and the files and pleadings herein, the Court finds oral argument unnecessary. For the reasons below, the Court **DENIES** the motion.

The Court accepts the government's acknowledgement that the defendant's recitation of the facts and procedural history of this case are largely accurate except for the clarification noted in the footnote. Dkt. 64, at 1.

The government asks this Court to refuse to entertain the motion because it is inconsistent with the Order Continuing Trial. Dkt. 62. The defendant disagrees and argues that the Court granted Mr. Singh "leave to file additional pretrial motions no later than February 25, 2021." Dkt. 62. Conspicuously absent from this reference is the balance of that paragraph which plainly limits the motions that could be brought to: "Any additional pretrial motions shall be limited only to issues related to the charges set

forth in the Superseding Indictment which differ from those contained in the original Indictment and which could not have been brought prior to the filing of the Superseding Indictment." Dkt. 62. If counsel wishes to cite to the Court's Orders, the reference should be complete and not cherry picked for the convenience of argument. The Court did not expect the defendant to know the precise contents of the Superseding Indictment prior to its existence in its current final form. What the Court allowed was for the defendant to limit any new arguments to the changes in the new charging document from that which was preexisting. The deadline for filing pretrial motions in this case expired on September 11, 2020. The Court's clear directive was to give the defendant an opportunity to raise additional motions necessitated because of the anticipated revised charges, and nothing more.

While the Court is satisfied that Mr. Singh has not fully explained how his motion is based "only" on the differences between the Superseding Indictment and Indictment, or with precision explained why his motion to sever could not have been brought earlier, particularly since the changes appear to be largely technical, the Court in the interest of justice will nonetheless entertain the motion.

The defendant seeks severance of Counts 1 and 2 from Count 4 in the Superseding Indictment because the sets of counts are based on two different acts, transactions and occurrences separated by more than three years and two continents. He further contends the thematic subject matter similarity of immigration fraud is insufficient to justify joinder. Dkt. 63.

The government contends the defendant's argument is meritless and the joinder of the offenses in the Superseding Indictment are permitted under Fed. Rule of Crim. Proc. 8 (a). Rule 8(a) in relevant part provides:

> **Joinder of Offenses**. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The rule in this Circuit concerning the propriety of joining offenses in the indictment is determined solely by the allegations in the indictment, or essentially an indictment-only standard. *United States v. Jawara,* 474 F.3d 565 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). This Court recognizes that the initial joinder inquiry under Rule 8 is confined to the allegations in the indictment. But when engaging a Rule 8 "same or similar character," this Circuit has expressed reservation with an analysis that "wholly ignores factors relevant to the question of similarity, such as temporal proximity, physical location, modes of operation, identity of the victims, likelihood of evidentiary overlap, and to the extent that they can be gleaned from the indictment. *Jawara,* at 577.

Applying this inquiry to the Superseding Indictment, the defendant's arguments are misplaced. The Court agrees with the government. All three counts relate essentially to the defendant's false statements that he had been "arrested for, charged with, and detained for the crimes of *Sexual Assault of a Child Under 13* and *Sexual Assault* in the United Kingdom in November 2014. The false statements in Count 1 and 4 can be proven by proof of the same underlying facts regarding the defendant's United Kingdom detention and questioning by law enforcement and subsequent arrest on two sexual assault charges in November 2014. It would thus appear that proving the false statements of Counts 1 and 4 would generally require the same proof.

The defendant suggests that the government's proffered evidence is but one "nominal area of overlapping evidence." But the defendant ignores that the facts as proffered and the Superseding Indictment are significant and far exceed the "nominal characterization" of the defense. The Court accepts the defendant's challenges to time, setting, location, and geography, but the essence of the crimes is focused upon the false statements, and this is fatal to the defendant's motion and analysis. The Superseding Indictment alleges that Counts 1 and 4 are based on the defendant's alleged false statements about the same underlying conduct. Proof of the statements regarding Counts 1 and 4 will involve primarily the same proof. Consequently, joinder under these circumstances is proper.

For all the foregoing reasons, the defendant's Motion to Sever Counts 1 and 2 from Count 4 of the Superseding Indictment is **DENIED.**

DATED this 12th day of March, 2021.

The Honorable Richard A. Jones
United States District Judge