The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> HARBANS SINGH, <br><br> Defendant. | NO. CR20-85-RAJ <br><br><br> **AMENDED PROTECTIVE ORDER** |

This matter comes before the Court on the Joint Motion for Entry of an Amended Discovery Protective Order regarding discovery materials, as permitted by Fed. R. Crim. P. 16(d). Having considered the record and files herein, the Court finds there is good cause to grant the joint motion, and hence issues the following amended Protective Order in this case:

IT IS HEREBY ORDERED that the discovery materials discussed in the original Motion for Entry of a Discovery Protective Order (Dkt. 16) and referred to therein as "Protected Material," listed or marked specially as "Protected Material," may be produced to counsel for the defendants in this case.

IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record retained in connection with this case (the "Defense Team"). The attorneys of record, and their investigators, expert witnesses, and other agents can review Protected Material with the defendant. The defendant can inspect and review

*United States v. Singh,* CR20-85-RAJ
AMENDED PROTECTIVE ORDER - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Protected Material, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person who is outside his or her law office and is not a member of the Defense Team, including the defendant or his family or associates. Other members of the Defense Team also shall not provide Protected Material or copies thereof to any other person who is not a member of the Defense Team, including the defendants or their families or associates.

IT IS HEREBY FURTHER ORDERED that the defendants, defense counsel, and other members of the Defense Team shall not otherwise disclose the Protected Material or its contents to any other person, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if necessary.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to the defense as necessary to comply with the government's discovery obligations. This order also does not prohibit the Defense Team from disclosing the Protected Material to Karen M. Turo; Monica N. Ashiku; Kari San Miguel; Catrin J. Lea; Gregory Olsavsky; Jeffrey Ketelsen; Emilia Bardini; and any other witnesses subpoenaed by the defense who are employed by an agency of the United States.

IT IS FURTHER ORDERED that if counsel for the defendants finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court.  This does not entitle either party to seal their filings as a matter of course.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a

*United States v. Singh,* CR20-85-RAJ
AMENDED PROTECTIVE ORDER - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

Any violation of any term or condition of this Order by the Defendant, his attorneys of record, any member of the defense teams, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. In the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government.  The parties shall then meet and confer with the intention of finding a mutually acceptable solution.  In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.  The failure to list, mark, or designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

///
///
///
///
///

*United States v. Singh,* CR20-85-RAJ
AMENDED PROTECTIVE ORDER - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

DATED this 29th day of July, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

*United States v. Singh,* CR20-85-RAJ
AMENDED PROTECTIVE ORDER - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970