1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | ) No. 2:20-cr-00085-RAJ |
|---|---|
| Plaintiff, | ) ORDER ON ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF |
| v. | ) |
| HARBANS SINGH, | ) |
| Defendant. | ) |

Defendant Harbans Singh filed his trial brief and raised several issues that must be addressed by the Court.  Dkt. 89.  The government filed its response to the defendant's trial brief with opposition to many of the issues raised by the defendant (Dkt. 98) and the defendant replied.  Dkt. 101.  This Order reflects the Court's rulings on the matters raised by the defendant that require a pretrial ruling.

**Materiality Defense.**

The defendant contends he is entitled to a materiality defense.  Specifically, he contends he was not granted asylum for reasons unrelated to the allegations in the United Kingdom.  The government contests this request and contends the defendant should be precluded from arguing that his false statements were immaterial because either:  1) the agency already knew that his statements were false, or 2) the agency's decision was not actually influenced by the defendant's false statements.  Dkt. 98.

The Court agrees with the government.  The defendant will not be permitted to present his materiality defense.  The defendant's initial argument encompasses his

suggestion that the "delay" in charging him and his arrest is relevant to materiality. Whether the delay is reasonable is irrelevant to the charges in this case. As presented, delay in prosecuting a case has no bearing on whether a false statement was material to other agencies at an earlier time.

Second, the defendant asserts that United States Citizenship and Immigration Services (USCIS) knew his statements were false or that USCIS's decision was not influenced by those statements. Under either approach, the outcome is the same…they are irrelevant because an agency need not believe or rely on any false statements for them to be material. *United States v.Serv. Deli Inc.,* 151 F.3d 938 (9th Cir. 1998); *United States v. King,* 735 F.3d 1098 (9th Cir. 2013); and *United States v. Facchini,* 832 F.2d 1159 (9th Cir. 1987).

The defendant misinterprets the scope of a materiality defense in light of the outstanding charges he faces. As noted in *United States v. Sarihifard,* 155 F.3d 301, 307 (4th Cir. 1998), "[m]ateriality is not dependent upon the believability of a false statement." Consequently, whether the statement was believed or not, or relied upon, is not relevant or admissible evidence.

**Entrapment Defense.**

The defendant has indicated he will raise an entrapment defense and is requesting an entrapment jury instruction. Dkt. 89, at 9. The defendant accurately identifies the two prerequisites to the defense of entrapment: (1) the defendant must be induced by a government agent to commit the act; and (2) the defendant must lack the predisposition to commit the act. *United States v. Rhodes,* 713 F.2d 463, 467 (9th Cir. 1983).

The defendant suggests tacitly that, at least to Count 4, he has presented a prima facie showing of entrapment. The Court disagrees for several reasons.

First, the defendant did not clearly identify which facts he contends meet the *Rhodes, id.,* two factor requirements.

Second, the Court's understanding of the facts in this case suggest that the defendant had made repeated false statements about his prior arrests and other law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

enforcement contacts relating to those arrests.  As noted in the government's Response, the government merely setting up an interview knowing that the defendant may lie during the interview is not entrapment.  *United States v. Gomez,* No. 19-50313, 2021 WL 3179033, at *5 (9th Cir. July 28, 2021).

While the Court will not preclude the defendant from presenting his theory of entrapment, based upon the proffered statement of facts, an entrapment jury instruction is unlikely.

### Justification Defense.

Mr. Singh contends he will be entitled to an instruction relating to his theory of justification, citing the Ninth Circuit Model Criminal Jury Instruction 6.7.  The government contests this offer, contending such argument and instruction should apply only in the "most extraordinary cases[s]," only if there is a "present" threat of death or serious injury that compelled criminal conduct, that the defendant not have "recklessly place[d] himself in a situation where he would be forced to engage in criminal conduct," and evidence that the defendant sought aid from law enforcement before taking matters into his own hands."  Dkt. 98, at 5.

The Court refuses to rule in a vacuum and preclude the defendant from presenting his defense.  The Court will certainly decide on proper jury instructions at the close of all the evidence in this case.  It is premature to do otherwise.

### Admissibility of Names of the Crimes for Which Mr. Singh Was Arrested.

The government has indicated it intends to offer testimony regarding the specific charges for which Mr. Singh was arrested in the United Kingdom, once for sexual assault of a child under thirteen and once for sexual assault.  Dkt. 80, p. 8 and Dkt. 79, p. 16.  The defendant objects to the admission of such evidence, contesting its relevance under Rules 401, 402, 403 and 404(b) of the Federal Rules of Evidence.  Additionally, the defendant contends the identified evidence should not be admitted because doing so would violate his right to due process and his rights under the Confrontation Clause. Dkt. 89.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

In response, the government has identified four different types of evidence relating to Mr. Singh's conduct in the United Kingdom.  The government has acknowledged that of the four categories it will not seek to offer evidence that the defendant committed the underlying sexual assaults for which he was arrested.  Dkt. 98, at 6.  The Court will hold the government to its word and will not address this issue, but it will address the remaining three in turn.

>    A.    Evidence that Singh was arrested, questioned, or detained in the United Kingdom.

The Court agrees with the government.  This evidence is admissible.  The government is entitled to prove the fact that the defendant was arrested to prove that his statements that he had never been arrested are false.

>    B.    Evidence of the nature of the arrests.

The centerpiece of the government's offering of this evidence is to establish the defendant's motive in committing the charged offenses in the indictment, *i.e.*, that the seriousness of the charges he was facing in the United Kingdom explains why he chose to flee internationally and why he was willing to lie to facilitate that flight.  It is the Court's understanding that the defendant disputes that motive and will contend that he came to the United States to apply for asylum.

Federal Rule of Evidence 401 states that evidence is relevant if:

(a) it has any tendency to make a fact more probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

The Court finds that evidence of the identity of the specific crimes the defendant was charged with are plainly relevant.  The charges were pending at the time of his visa application, the adjudication of that visa application by the United States, and Mr. Singh's travel to the United States.  Information about these charges would have been relevant to the visa consular officer or asylum officer's determination of the credibility

of Mr. Singh's representation that he was traveling to the United States for tourist or business reasons rather than to abscond from prosecution.

The Court likewise agrees with the government's contention that the nature of Mr. Singh's charges would be relevant to prove his knowledge of his arrests. Knowledge of the falsity of the statements made is an element of each of the charged offenses.

Count Four of the Superseding Indictment charges the defendant with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Title 18, United States Code, § 1001(a)(2). Dkt. 45. The Ninth Circuit Model Jury Instruction 8.73 requires as the fourth element of proof the government must establish is that the statement was material to the activities or decisions of the United States Citizenship and Immigration Services; that is, it had a natural tendency to influence, or was capable of influencing the agency's decisions or activities.

The Court finds that the nature of Mr. Singh's arrest is clearly relevant to the materiality of his statements about those arrests. The nature of the charges he faced would patently be material to the visa officer or asylum officer's decision. The statements he made about those arrests and their seriousness bear directly on materiality.

Notably absent from the defendant's motion is an unequivocal dispute that the nature of the charges would be important to a visa or asylum officer.

C.    Evidence of the Prior Arrests is Not Other Act Evidence Under Fed. Rule of Evidence 404(b)

The defendant contends admission of the prior arrests would run afoul of Rule 404(b) and contests the government's characterization of the evidence as being inextricably intertwined with the underlying offense. The Court disagrees.

Evidence of "other acts" is not subject to Rule 404 (b) analysis if it is "inextricably intertwined" with the charged offense. *United States v. Vizcarra-*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Martinez,* 66 F.3d 1006, 1012 (9th Cir. 1995); *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).  This exception applies when (1) "particular acts of the defendant are part of…a single criminal transaction," or when (2) 'other act' evidence… is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.  *Beckman, Id.* at 794.

Evidence of the prior arrests is permitted to provide a coherent and comprehensible story regarding the commission of the charged offenses as they are necessary to prove that Mr. Singh made a false statement.  The Court agrees with the government that the nature of the noted charges are the subject of the defendant's alleged false statements and a part of what the government must prove to show his false statement was material.  Proof of those arrests is an essential element of the crime, necessary to establish that the defendant made a false statement.

        D.     The Nature of the Charges Are not Unfairly Prejudicial Under
                    Rule 403 of the Federal Rules of Evidence.

The defendant contends that advising the jury that he was arrested twice with identification of the charges will unfairly prejudice him, confuse the issues, and mislead the jury into convicting him for allegations other than those alleged in the Superseding Indictment.  Dkt. 89, at 22.

The government points out several mitigating factors, all of which the Court agrees minimizes any degree of prejudice and will clarify for the jury the purpose of the admission of evidence of the nature of the charges.  These include that Mr. Singh is free to point out that the arrests were not probable cause arrests, that whether Mr. Singh actually committed the underlying offenses in not at issue, that Mr. Singh was not present during his conviction, that Mr. Singh contested the charges, and any other relevant facts as appropriate.  Dkt. 98, at p. 10.  More importantly, the Court will permit, if requested, a limiting instruction that the jury is not being asked to determine whether Mr. Singh committed these crimes, that whether or not he committed these crimes is legally irrelevant, that they are not permitted to conclude that he committed

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

these crimes, and they are only before them when considering if the government has established that the defendant's alleged statements were material to the offenses as charged.  Such an instruction may be read to the jury at the time the evidence is offered and in the concluding instructions to the jury.

**<u>Admissibility of Singh's Statements.</u>**

The defendant seeks to introduce his own statements from interviews in the United Kingdom and from his asylum interviews.  He is prohibited from doing so. Under any circumstance the admission of such is prohibited because a defendant cannot offer his own self-serving, out of court statements denying criminal culpability.  *United States v. Ortega,* 203 F.3d. 675. 682 (9th Cir. 2000).  Federal Rule of Evidence 801(d)(2) clearly indicates that non-self-inculpatory statements are inadmissible hearsay.  The obvious purpose of the defendant's motion is to allow him to place his exculpatory statements before the jury without subjecting himself to cross-examination and this is exactly what the rule prohibits.  *Ortega, id.*, at 682.

The Court rejects the hearsay exceptions cited by the defendant.  It is clear the intended purpose for admission is to admit his denials to establish that he did not commit the crimes.  It would be disingenuous to conclude otherwise.

Mr. Singh also seeks admission of his statements as an exception to the hearsay restriction claiming admissibility because of its effect on the listener and that it will provide context for the statements.  The hearsay limitation remains the same and does not permit admission of the defendant's statements for the exact same reasons previously stated.  His request is denied.

Last, the defendant contends Federal Rule 106, commonly referred to as the Rule of Completeness, allows admission of his asylum interview.  This request is denied for a variety of reasons pointed out by the government.  First, Rule 106 applies to "writings or recorded statements," neither of which are present as the defendant's statement was oral and unrecorded.  According to *Ortega, id.*, at 682, the Rule does not apply to unrecorded oral confessions.

ORDER - 7

Second, the substance of his asylum claim is irrelevant to whether he lied about his arrests in the United Kingdom.

Last, even if the government offers transcripts from the recorded interviews in the United Kingdom, the Rule will not serve as a vehicle for the defendant to offer his own prior out-of-court statements.  Mr. Singh cannot, therefore, introduce his own statements to the agencies at issue in this case for the truth of the matter asserted therein.

## CONCLUSION

These rulings address the issues raised by the defendant that warrant a pretrial determination.  The balance of issues, if any, may be addressed at the pretrial conference scheduled for August 20, 2021.

DATED this 19th day of August, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER - 8