HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>HARBANS SINGH,<br><br>                Defendant. | No. 2:20-cr-00085-RAJ<br><br>ORDER ON DEFENDANT'S OBJECTIONS TO GOVERNMENT'S PROPOSED PRELIMINARY AND DURING-TRIAL JURY INSTRUCTIONS |

The government filed its Proposed Jury Instructions that included Proposed Instructions at the Start of the Trial, Proposed Instructions During the Trial, and Proposed Instructions at the Close of the Trial. Dkt. 79. The defendant filed his Objections to the Government's Proposed Jury Instructions. Dkt. 86. The Court will rule only on the preliminary and during-trial jury instructions, and reserves ruling on the balance of the objections until the close of evidence at trial.

    1.    **<u>Government's Preliminary Proposed Instruction 2.</u>**

It is not the practice of this Court to provide a copy of the indictment or any charging document to the jury. This part of the motion is **GRANTED**.

The defendant seeks to have the counts of the Superseding Indictment described sequentially. That proposal is asking the Court to alter and falsely represent what the Superseding Indictment charges by way of counts. The Court declines to do so and this part of the defendant's motion is **DENIED**.

ORDER - 1

Last, the defendant objects to the government's omission that it must prove that "…the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful." Dkt. 86, at p. 2.  This objection is overruled and therefore **DENIED**.

The government's proposed instruction, however, fails to comport with the third element as referenced in Ninth Circuit Model Instruction 8.134, which adds after the specification of the immigration agency: "that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities."  The government accurately references the elements in its proposed Instruction No. 26.  The Court is perplexed why Instruction No. 2 does not conform with the Model or the later submission by the government.  No further revisions are necessary or required.

2. **Government's Proposed Instruction 11.**

The defendant objects to including in the instructions the language that describes the names of the crimes for which the defendant was arrested.  The totality of this objection relates to the objection noted in the Defendant's Trial Brief.  Dkt. 89.  This objection is overruled as the Court previously denied the objection in its prior Order.  Dkt. 106.  This part of the defendant's objection is **DENIED**.

If this instruction is to be provided during trial as noted by the government, it needs to be revised.  The first sentence suggests the instruction should be given after hearing testimony about the nature of the arrests.  More appropriately, if given, it should be provided before the evidence is received.  Second, the instruction's last paragraph currently reads as a concluding instruction.  That language should be stricken.

DATED this 19th day of August, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 2