HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARBANS SINGH,<br><br>　　　　　Defendant. | No. 2:20-cr-00085-RAJ<br><br>ORDER ON GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF CARA LANEY |

This matter comes before the Court on the Government's Motion to Exclude Certain Expert Testimony of Cara Laney. Dkt. 99. The defendant filed his response. Dkt. 103. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I.    DISCUSSION

The government seeks to exclude the expert testimony of Dr. Cara Laney, challenging the relevance, reliability, or helpfulness to the trier of fact as required by Federal Rules of Evidence 702, 401 and 403. The defense provided to the government an indication that Dr. Laney would testify to five opinions, the detail of which will be referenced ( Dkt. 99, at 2) but will not be restated herein. The government challenges the admissibility of three of the opinions.

The government contends that the first and third opinions from Dr. Laney are focused on unconscious bias and will not be helpful to the jury. They also contend the

ORDER - 1

opinions are likely to confuse or mislead the jury.  The government also challenges the second opinion of Dr. Laney claiming she lacks the background necessary for her to interpret the meaning behind an asylum officer's reference to an applicant.   Dkt. 99, at 4 and 8.

The defendant represents the general subject matter of Dr. Laney's testimony will be on explicit and implicit bias.  The government's challenges to her qualifications go to weight, not admissibility.  Exhibit 1 to the defendant's response summarizes the sources for her opinions.  As suggested by the defense, perhaps a meet and confer as required by the Local Rules would have avoided the adverse assumption by the government.

The initial sentence of Federal Rule of Evidence 702 references the qualifications necessary to accord a witness expert status.  Under the Rule, a witness may qualify as an expert by reason of his or her knowledge, skill, experience, training, or education.  Any one of these characteristics may qualify an individual as an expert.  The Court finds that after reviewing Dr. Laney's Summary and Curriculum Vitae, it agrees with the defendant.  She need not be labeled an "explicit or implicit bias" expert to testify on the defendant's behalf.  She does possess sufficient qualifications to testify on the general issue of explicit or implicit bias.

More specifically, the Court finds that Rule 702 does not require that the expert have familiarity with the degree of exactitude of knowledge claimed by the government.  In this regard the Court adopts the rationale posited by the defendant from *Gardner v. General Motors Corp.,* 507 F.2d 525 (10th Cir. 1974) where an expert was permitted to testify on a given subject even though he did not have actual practical experience in the manufacture of a product, because the expert possessed the education or background to permit him to analyze a given set of circumstances.

The same applies here.  The government is free to cross-examine the expert and challenge her proffered specialized knowledge, skill, experience, training, or education on the subject matter of her opinion.

ORDER - 2

In the instant case, the facts as proffered suggest Asylum Officer Vanessa Lawton contends it is standard procedure to refer to asylum interviewees with labels like "the Sikh." Dr. Laney indicates in her Summary that this labeling is a form of "otherizing" them and is suggestive of negative biases and stereotypes. Dkt. 103-1, at 2. The government suggests this testimony will not aid the trier of fact. To the contrary, the Court will give the government's Proposed Instruction No. 1 at the close of the case, which includes reference to conscious and unconscious bias affecting how we evaluate information and make decisions. Consequently, the Court concludes that Dr. Laney's testimony will help the jury determine a fact in issue, which includes whether the officer was engaged in negative biases and stereotypes in conducting the interview of the defendant.

## II.   CONCLUSION

For the foregoing reasons, the government's motion is **DENIED**.

DATED this 19th day of August, 2021.

The Honorable Richard A. Jones
United States District Judge