THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00085-RAJ |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER ON MATERIALITY DEFENSE |
| v. | |
| HARBANS SINGH, | |
| Defendants. | |

THIS MATTER comes before the Court upon the defendant's Motion for Reconsideration and *In Limine* request regarding the Court's Order denying permission to put on a materiality defense. Dkt. 106.

"Motions for reconsideration are strongly disfavored." W.D. Wash. Local Crim. R. 12(b)(13). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id. See also, United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1065 (W.D. Wash. 2020).

Having considered the defendant's motion (Dkt. 116), the government's opposition (Dkt. 135), the defendant's reply (Dkt. 138) and the files and pleadings herein, the Court finds the defendant has failed to demonstrate manifest error and has presented no new evidence or law to justify reversal of the Court's prior decision. Therefore, the defendant's Motion for Reconsideration is **DENIED**.

ORDER - 1

The Court agrees with the observations of the government regarding the defendant's assertion of new facts as a justification for his motion. From the record submitted, it appears the claimed "new facts" were produced to the defense in discovery on November 25, 2020 and thus available to him when making his initial motions. Dkt. 135, at 2. Consequently, the email from Department of Homeland Security Attaché, Gregory A. Olvasky, may not serve as a basis for reconsideration.

While the government concedes that the information about Ms. Callahan is new, it contends the information is not a ground for reconsideration and the Court agrees. The revocation of Mr. Singh's visa appears to have been an administrative function based upon his conviction for sexual assault in the United Kingdom. The Court is unpersuaded that there is a sufficient degree of connection between the defendant's visa revocation and his requested materiality defense. From the record, once again, it appears the defendant has known for some time that his visa was revoked. The revocation does not constitute new facts justifying reconsideration.

The Court has fully considered the balance of facts identified by the defendant in his "proffer." Again, the record does not convince the Court that these are new facts. More importantly, nothing advanced in this motion alters the prior determination this Court reached on the defendant's requested opportunity to put on a materiality defense. The Court reaffirms that an agency's decision-making process, actual knowledge of the falsity of a statement, or actual reliance on that statement are all legally irrelevant to materiality.

For the foregoing reasons, the defendant's motion is **DENIED.**

DATED this 26th day of August 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 2